IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>IGOR YASINOV,<br><br>Defendant. | CASE NO:   JRR-22-0448 |

**GOVERNMENT'S MOTION TO ADMIT EVIDENCE PURSUANT TO RULE 404(B), AND AS INTRINSIC EVIDENCE TO THE CHARGED COUNTS**

The United States hereby files a motion for a pretrial ruling regarding the admission of evidence at trial pursuant to Rule 404(b) of the Federal Rules of Evidence.

The government intends to submit evidence relating to the defendant's comments to the victims relating to his prior convictions for Conspiracy to Affect Commerce by Robbery and Kidnapping, as well as the fact of the convictions. The government submits that this evidence is properly admissible under Federal Rule of Evidence 404(b) to show the defendant's motive, intent, preparation, plan, absence of mistake and lack of accident. The evidence should also be admitted because it is relevant, intrinsic to the charged offenses, and its admission will not unduly prejudice the defendant. It follows that all the evidence is admissible under Federal Rules of Evidence 401 and 404(b).

A.   Background

In the fall of 2021, the defendant, Igor Yasinov, was an inmate at Chesapeake Detention Facility ("CDF"), awaiting resentencing in federal district court when he assaulted multiple members of the correctional staff at the facility.

On November 16, 2021, the defendant used a broom stick to break a window at CDF. The defendant sustained minor injuries and was transported to the medical unit for treatment by

2

correctional officers Captain Nina Rizer and Captain Monica Jenkins-Ngandu. During the transportation, the defendant spoke to the officers in a threatening manner. At one point, the defendant stated, in sum and substance, "Do you know who I am? Check my jacket. I kidnap people, duct tape people, and throw them in trunks."[1] After receiving medical treatment, The defendant continued to be defiant towards the officers, forcing additional officers to arrive to assist in his transport to a segregation unit. When The defendant learned that he was not returning to his original housing unit, he became irate and refused officers' orders, and subsequently refused to be locked into his cell. As the officers placed their hands on the defendant to assist him into the cell, he began to fight with the officers. The defendant used his leg to sweep the leg of Captain Rizer, causing her and other officers to fall to the ground. After a struggle, the officers were able to apply leg irons and carry the defendant to the cell. While in the cell, the defendant continued to fight with the officers. Officers eventually removed the leg irons and placed the defendant against the wall, directing him to remain facing the wall until all officers were out of the cell.

As the officers began filing out, the defendant charged the officers, slamming into Sergeant Johnson and colliding with Captain Rizer's knee. As the group fell to the ground from the defendant's attack, The defendant continued to resist, flailing his arms and kicking at the officers. Captain Jenkins-Ngandu used pepper spray, at which point the defendant relented.

When The defendant made contact with Captain Rizer, her left knee hyperextended and she heard a snap. She was later diagnosed with a nondisplaced fracture of the tibia. Sergeant Johnson sustained a cervical strain, lumbar strain, knee contusion, and forearm strain, Corporal Camacho sustained a right thumb strain, and Corporal Watkins sustained a head contusion, right

---

[1] In later recounting these comments to investigators, Captain Rizer further described them as "selling death."

hip contusion, and a cervical strain.

    B.  <u>The Proposed Testimony</u>

The government intends to introduce evidence that (1) The defendant made the statements, in sum and substance, "Do you know who I am? Check my jacket. I kidnap people, duct tape people, and throw them in trunks;" and (2) The defendant was serving a sentence in the Bureau of Prisons following his convictions for Conspiracy to Affect Commerce by Robbery and Kidnapping. In United States v. Yasinov, ELH-15-0261, the defendant admitted, under oath, that between the fall of 2012 and January 2013, he participated in a conspiracy to commit an armed robbery of a Baltimore County jewelry store. The defendant participated in both the planning and execution of the robbery and kidnapping, which included posing as law enforcement to pull over an employee of the store, forcing the employee into his own trunk, bound and blindfolded, and driving the employee to a remote location where he was threatened at gunpoint as the jewelry store was emptied.

    C.  <u>The Charges and Elements of the Charges</u>

As a result of the conduct described above, the defendant was charged in the Indictment with four (4) counts of Assaulting, Resisting, or Impeding Certain Officers or Employees Resulting in Bodily Injury, in violation of 18 U.S.C. § 111(a)(1), (b).

    a.  The elements of the offense are the following:

        1.    The victim(s) was a federal employee designated under 18 U.S.C. §1114 on the date in question;[2]

        2.    The defendant forcibly assaulted the victims, and this forcible action

---

[2] 18 U.S.C. §1114 includes persons assisting federal officers/employees. State correctional officers working in a state operated facility pursuant to a contract that the United States Marshal Service. *See United States v. Murphy*, 35 F.3d 143 (4th Cir. 1994); *United States v. Ama*, 97 F. App'x 900 (10th Cir. 2004); *United States v. Grant*, 979 F.3d 1141 (6th Cir. 2020).

involved actual physical contact with the victims;

   3. At the time, the victims were engaged in their official duties;

   4. The defendant acted willfully; and

   5. The assault caused bodily injuries.[3]

## ARGUMENT

The government submits that the defendant's prior convictions listed above are admissible under Fed. R. Evid. 404(b) as evidence of the defendant's motive, intent, preparation, plan, absence of mistake and lack of accident with respect to his assault of the officers as alleged in the indictment. Furthermore, the defendant's prior convictions help explain the defendant's statements and threats made to victims during the assault, and are therefore intrinsic to the charged offenses and are necessary to complete the story of the crime on trial. As such, proof of these incidents is relevant to the matters at trial.

 A. <u>The defendant's Statements About His Prior Convictions and the Fact of the Prior Convictions Are Admissible under Federal Rule 404(b)</u>

The defendant will likely argue and/or testify that his conduct throughout his assaults of the officers was not willful, was accidental, and/or that he acted in self-defense. The evidence of the defendant's threats to the officers, suggesting that he was a violent person to be feared, shows that the defendant was preparing to assault the officers, and that he assaulted them willfully. Similarly, the truthfulness of these statements (that he was serving a sentence for an armed kidnapping where he bound the victim and put him in the trunk of a car), reflects the defendant's intent to willfully assault the officers. His statements and prior conduct further demonstrate that the defendant's forcible assault of the officers was neither a mistake nor an accident, but something

---

[3] "Bodily injury" means any injury, no matter how temporary. Bodily injury includes physical pain as well as any burn, cut, abrasion, bruise, disfigurement, illness, or impairment of a bodily function.

he planned from the onset of the encounter with the officers.

In the Fourth Circuit, it has been well recognized that Federal Rule of Evidence 404(b) is a rule of inclusion, which allows evidence of other crimes or bad acts to be introduced to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. *See generally*, *United States v. Bell*, 901 F.3d 455, 464-66(4th Cir. 2018); *United States v. Whorley*, 550 F.3d 326, 337-38 (4th Cir. 2008) (evidence of defendant's prior child pornography conviction and conditionals of supervised release imposed by his probation officer properly admitted to prove that he knowingly received depictions of minor engaged in sexually explicit conduct); *United States v. United States v. Bailey*, 990 F.2d 119, 123 (4th Cir. 1993). Moreover, courts have held that the admission of "other crimes" evidence under Rule 404(b) is particularly appropriate where, as in this case, criminal intent or knowledge is at issue. *See Huddleston v. United States*, 485 U.S. 681, 685 (1988) (finding that "extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct"; *United States v. Queen*, 132 F.3d 991, 996 (4th Cir. 1997), *cert. denied*, 523 U.S. 1101 (1998) (finding that "[o]nce an act is assumed to be done, '[the] doing of other similar acts . . . is useful as reducing the possibility that the act in question was done with innocent intent'"). In addition, criminal intent may be inferred from subsequent as well as prior acts. *United States v. DiZenzo*, 500 F.2d 263, 265 (4th Cir. 1974).

In *Queen*, 132 F.3d at 991, the Fourth Circuit clarified the standard to be used in determining whether particular evidence should be admitted under that rule. The Court held that evidence of other acts is admissible under Rules 404(b) and 403 if that evidence meets the following criteria:

6

(1) the evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant; the more similar the prior act is, in terms of physical similarity or mental state, to the act being proved, the more relevant it becomes;

(2) the act must be necessary in the sense that it is "probative" of an essential claim or an element of the offense;

(3) the evidence must be reliable; and

(4) the evidence's probative value must not be substantially outweighed by the risk of confusion or unfair prejudice "in the sense that it tends to subordinate reason to emotion in the fact finding process." 132 F.3d at 997.

The Court added that when introducing evidence under Rule 404(b), the trial judge can protect against creating undue prejudice by (1) providing a limiting instruction, when requested by a party, which explains to the jury the purpose of admitting evidence of other acts, and (2) enforcing the requirement in criminal cases that advance notice be given, when requested, of the intent to produce prior act evidence. *Id.* Finally, the Court noted that when Rule 404(b) is administered according to those rules, "it will not. . . be applied to convict a defendant on the basis of bad character, or to convict him for prior acts, or to try him by ambush. But it will yet allow the admission of evidence of similar prior acts that are probative of elements of the offense in trial." *Id.* See also *United States v. Van Metre*, 150 F.3d 339 (4th Cir. 1998).

First, the relevance here of the defendant's prior crimes is indisputable. In order to prove the charge, the government must show that the defendant willfully assaulted the officers, and that his contact with them was not an accident. As it relates to the assaults of the victims in this case, the defendant's threats referencing prior violent conduct and evidence of the prior violent conduct

7

is highly probative of his motive and intent to assault the officers. It is also relevant to rebut any suggestion that the conduct was merely accidental or that the defendant did not know what he was doing.

Second, the other crime evidence is probative of intent, an essential element of the offenses charged.

Third, the evidence is reliable because it is the subject of a federal conviction, and the defendant pled guilty to the charges under penalties of perjury.

Finally, the probative value of the evidence here is not substantially outweighed by the risk of confusion or unfair prejudice. Evidence found to be relevant and probative under Rule 404(b) should be excluded under Rule 403 only in those instances where the trial judge believes there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and where this risk is disproportionate to the probative value of the proffered evidence. *Morgan v. Foretich*, 846 F.2d 941, 945 (4th Cir. 1988). Generally, the admission of extrinsic evidence, including evidence of other crimes, does not result in unfair prejudice under Rule 403 where it does not involve conduct any more sensational or disturbing than the crimes with which the defendant was charged. *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995), *cert. denied*, 516 U.S. 924 (1995) (citing *United States v. Roldan Zapata*, 916 F.2d 795, 804 (2d Cir. 1990), *cert. denied*, 499 U.S. 940 (1991)). As the court noted in *Hadaway*, evidence may be "prejudicial" in the sense that it increased the likelihood of conviction, but that does not mean it is *unfair* prejudice. *Hadaway*, 681 F.2d at 219. Here, although the evidence sought to be introduced pursuant to Rule 404(b) involves more serious conduct than the alleged offenses in the indictment, both involve crimes of violence, and the defendant has made the prior conduct more relevant due to his use of the prior conduct to threaten the officers and reveal his planning and intent.

8

Additionally, even where 404(b) evidence is potentially prejudicial, the Fourth Circuit places great stock in jury instructions as a sufficient remedy. *See, e.g., United States v. Lespier*, 725 F.3d 437, 4448 (4th Cir. 2013); *United States v. Byers*, 649 F.3d 197, 210-11 (4th Cir. 2011); *Whorley*, 55 F.3d at 338. Therefore, this additional evidence would not evoke such an emotional reaction against defendant that the jury would be excited to irrational behavior.

B. <u>The Evidence is Also Admissible as Intrinsic to the Charged Conduct.</u>

Because he used them as a threat and because they reveal his planning and intent, the defendant's prior conduct is part of the defendant's overall conduct and is thus intrinsic to the charged counts in the indictment. "Evidence of uncharged conduct is not "other crimes" evidence subject to Rule 404 if the uncharged conduct "arose out of the same series of transactions as the charged offense, *or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial.*" *United States v. Siegel,* 536 F.3d 306, 316 (4th Cir. 2008), *citing United States v. Kennedy,* 32 F.3d 876, 885 (4th Cir. 1994) (emphasis added).

Here, the defendant is charged with the willful assaults of four correctional officers who were simply trying to render aid to the defendant and prevent the additional destruction of government property, while trying to protect themselves from the defendant's disorderly behavior. The defendant's comments, "Do you know who I am? Check my jacket. I kidnap people, duct tape people, and throw them in trunks," shortly before his violent assault on those officers, is conduct that completes the story of the defendant's assaults of the victims, and should be admitted.

## CONCLUSION

For all of the foregoing reasons, the government respectfully requests that the Court admit the proposed evidence of defendant's prior involvement in a kidnapping and robbery conspiracy.

          Respectfully submitted,

          Erek L. Barron
          United States Attorney

By: _____
          Michael F. Aubin
          Paul E. Budlow
          Assistant United States Attorneys