TRULINCS 58823037 - YASINOV, IGOR - Unit: PHL-F-S

---

FROM: 58823037
TO: Yasinov, Grigoriy
SUBJECT: RULE 16/BRADY/GIGLIO
DATE: 02/02/2024 10:46:01 AM

..IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. JRR-22-0448 |
| v. | : | |
| IGOR YASINOV, | : | The Honorable Rubin |
| Defendant | : | United States District Court |

> *[handwritten note:]* Please don't draw conclusions from the complexity of this motion, as I had assistance.

### DEFENDANT'S MOTION FOR DISCLOSURE OF DISCOVERY MATERIALS PURSUANT TO FEDERAL RULE 16, BRADY AND GIGLIO

Comes now, the 27th day of January 2024, Igor Yasinov ( hereafter "Mr.Yasinov or defendant") hereby pursuant to the 5th and 6th Amendments of the United States Constitution respectfully moves this honorable court to enter an order for pre-trial disclosure of any all discovery materials in possession of the prosecution in accord with Fed.R.Crim.P.16, BRADY v. MARYLAND,373 us 83 (1963) and UNITED STATES v. GIGLIO, 405 us 150 (1972) (and all their progeny). The defendant' request is not limited to disclosure of any other additional discovery materials in the actual or constructive possession of the prosecution deemed by the prosecution to have incriminatory [inculpatory] or exculpatory value. Simply, the request seeks production to the defense any, all evidence obtained during the investigation intended and unintended to be presented by the prosecution in it' case.

The evidence and discovery provided to date can only be described as vague and has limited defendant' defense preparation efforts to merely repeated reviewings of the indictment. Since December 12, 2022 to present the scant information provided by the indictment has impeded defendants ability to effectively prepare a defense or learn of the broader facts relating to the investigation, investigative notes of witnesses and or physical evidence intended to be presented by the prosecution' in its case against defendant at trial. Inorder to prepare a meaningful ,viable defense of the charges or subject the prosecution' case to any meaningful adversarial testing .The defendant must be able to rely on full disclosure of the facts of the case and transparency from the prosecution. In the interest of justice and fair play the defendant has a Constitution right to discovery in the criminal proceedings. See GLASSER v. US, 315 us 60, 70 (1942)( the trial Judge should ensure fair play in the criminal proceeding by seeing to it the process is conducted with solicitude for the essential rights of the accused citing Fed.Rules of Evidence); see also BRADY, 373 us at 87 ( the defendant has essential right to fairness in criminal proceedings); SCHRIRO v. SUMMERLIN, 542 us 348, 353 (2007)( defendant has right to fundamental fairness and accuracy in a federal criminal proceedings).

Thus, the prosecution is obligated to prevent unfairness or surprises by timely disclosing any, all discovery materials, it learns of during course of the investigation and prosecution of case. see US v. BERGER, (1935).The prosecution' pre-trial disclosure obligations are reaffirmed in Rule 16. See Fed.R.Crim.P.16 ("itemizing the six categories of information that the prosecution must produce pre-trial to the defendant upon request"); BRADY, GIGLIO and see also Fed.R.Crim.P. 6 and 17(c).

### INTRODUCTION

Igor Yasinov ("Mr. Yasinov") for all relevant times pertaining to the charges described in the INDICTMENT NO. JRR-22-0448 herein was being held in the Chesspeake Detention Facility ("CDF") . Mr. Yasinov was placed in the ("CDF") by US Marshalls pending adjudication of a federal charge and pursuant to an intergovernmental agreement between the US Marshalls and ("CDF"). Mr. Yasinov was detained in ("CDF") from October 4, 2021 through March 14, 2021 .The indictment alleges that on November 16, 2021 Mr. Yasinov injured himself by yielding a broom stick at a housing unit window , sustainng multiple cuts, abrasions and injuries that required his immediate transport to the medical unit for treatment. see Indictment pg.1-2.

TRULINCS 58823037 - YASINOV, IGOR - Unit: PHL-F-S
----------------------------------------------------------------------------------

The scant infomation in the indictent fails to provide suffcient detail or particulars relating to that days event including the gross extent of Mr. Yasinovs physical injuries. Which obviously were not self inflicted or caused by mere swinging a broom at a window. as represented in the indictment.See id. at pg.2

The indictment furthermore paints a distorted picture and version of that days event : alleging that after Mr.Yasinov' transport to the medical unit. Mr. Yasinov refused orders to enter a cell resisted ("CDF") officers and kicked captain Rizer causing her and the other ("CDF") officers to fall to the ground, sustaining extensive injuries and pain. see Indictment Pg.2-3(paragraph 5-9).

Mr.Yasinov seeks production of Rule 16 materials inter alia to effectively prepare his defense including camera surveillance footage to show the court the totality of the circumstances underlying the allegations in the Indictment. Mr.Yasinov asserts that the Rule 16 ,BRADY materials tends to contradict the indictment and other prosecution written submissions to this court and hold exculpatory value to defense .The complete disclosue and exposure of any all documentation, facts, evidence (including surveillance footage),medical reports in the possession of the prosecution is necessary to show and support Mr.Yasinov' defense. Specifically,that he was abused and severely beaten by the ("CDF") officers. Which is completely opposite of the depiction of the event as set forth in the indictment..

Other DISCOVERY materials requested to be disclosed under Rule 16, BRADY / GIGLIO and progeny include the INVESTIGATION ROUGH NOTES OF THE INVESTIGATING AGENTS ie a COURT ORDER FOR THE INVESTIGATIVE AGENTS TO RETAIN/ PRESERVE/PRODUCE ANY AND ALL INVESTIGATIVE ROUGH NOTES. see US v. Ammar, 714 F2d 238, 259(3d 1983) (requiring the preservation and production of investigative agents rough notes). Additionally, the request extends to matters occuring before the GRAND JURY in obtaining the indictment ie GRAND JURY MINUTES (testimony).see Fed Rule 6(b)(e)(3)(E)(ii)( " the court may authorize the disclosure of any grand jury matters at the request of the defendant").

## LEGAL STANDARD

In BOWMAN DAILY CO. v .US 341 us 214 (1950), the Supreme Court outlined that the defendant may obtain court orders for the production by the prosecution of any, all documentary evidence and other materials under federal rule 16. ( for the disclosure and inspection of materials to the defendant or obtained from others by interviews, interrogations, searches, surveillance or seizures by the prosecution, agents, officers in connection with the investiagion and prosecution).

In pertinent part under Rule 16 imposes obligations upon the prosecution to provide all discovery materials in its possession it intends to introduce in its case. The prosecution shall make disclosure of the surreptious methods, manner and circumstancesof the prosecution' s acquisition of these or any evidentiary materials it learns of and or intends to introduce in its case id.

A defendant under Indictment in a Federal Criminal proceedings has a right granted by Rule 16 to test and inspect evidentiary materials in custody of investigtor's or prosecuting attorney's. The purpose of Rule 16 is fainess, balance(transparency and reciprocity in a criminal proceedings),to avoid illici tactics of ambushing or hiding facts, details and any pertinent information from the parties or court. Due to the awesome powers and resources of the prosecution office creates this disadvantage. see US v. BERGER (1935), see BANK v. DREKTE, 540 us 608 (2004)( the prosecutor may not hide and the defendant seek exculpatory evidencen in its file). The purview of Rule 16, BRADY/GIGLIO extends to information learned and gained by the prosecution alot of time unknown by defendant such as differing or fluctuating versions of a event by a witness or breaking new developements in a case that could change a prosecution' theory of the case  See also US v. Ramos ,27 F3d 65,68 (3d 1994) ( any information that weighs in on the credibility of any witness must be discliosed under Rule 16.citing BRADY/GIGLIO).

The scope of discovery under a defendant' request pursuant to Rule 16, BRADY/GIGLIO is broad and should be liberally accommodated. See Us v.Johnson, 2020 us dist.Lexis 32421, 2020 wL 948983 at 2 (D.NJ.Feb. 26,2020).

(A) RULE 16 ,
  Any materials, information or evidence that the prosecution may use in it' case - in chief or in rebuttal,
  including, but not limited to:
 (i) any documents or objects subject to rule 16 (1)(E) , including, but not limited to:
   reports by law enforcement officers (whether created by one of the primary investigating agencies or by the United
   States Marshalls service or the personel files of any of the agents or officers under supervision ,contract or control of
   the government .Either involved in the defendnant investigation, arrest or prosecution.) And any documents referenced
relating  to this investigation ,case or a statement of any witness.
 (ii) reports of expert witnesses subject to (1)(G) ( describing the witness' opinions, the bases and reasons for those
   opinions and their qualifications to render those opinions). included but not limited to "coded" language experts and
   any witness pffering testimony concerning the routine or common practices of individuals involved in drug trafficking.

(B) BRADY and GIGLIO,
Any materials (including, but not limited to, accounts, descriptions, reports, statements, summaries and synopses), subject to disclosure pursuant to BRADY v. MARYLAND, 373 us 83 (1963) and GIGLIO, 405 us 150 (1972). and their progeny, including, but not limited to:
(i) materials of any kind that would impeach or that would tend to impeach the credibility or testimony of any witness such as reports by law enforcement of information received or developed in the course of the investigation of this case that may be inconsistent with the anticipated testimony of any witness or any other evidence that the prosecution may offer in its direct or rebuttal case;
(ii) reports by law enforcement officers of surveillance. camera footage ; audio or any form of video images that may be inconsistent with the anticipated testimony of any witness or any other evidence the prosecution may offer in its direct or rebuttal case;
(iii) statements ( whether or not under oath) made by law enforcement, witness or confidential informant relating to this investigation, case whether the statement is oral, written or typed by any person, adopted or dictated by the declarent ; or summarized by someone other than the declarent ; and all
(iv) the materials described in paragraphs herein.

(C) INVESTIGATIVE ROUGH NOTES supa,

(D) JENCK'S ACT,
The defendant is also requesting disclosure of any materials covered by the Jenck's Act, 18 USC 3500, including, but not limited to reports, statements, summaries and synopses, of any kind and the attachments thereto or documents referenced therein relating to this case that were prepared by any law enforcement officer investigating or assisting in the investigation who may testify in this case or relative to statements obtained from any witness that may be offered by the prosecution.

CONCLUSION

The defendant respectfully moves under Rule 16 , BRADY/GIGLIO inter alia for court order directing the prosecution to produce to the defense the above requested discovery materials for determination of the materials exculpatory value and independent testing. Without the prompt disclosure of the requested information and especially given the fact that defendant lacks resources and investigative services the failure to timely provide will limit and impair meaningful pre-trial, trial defense preparation .

RESPECTFULLY,

Signature: *[signature]* 2/26/24