**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **v.** | * | |
| **IGOR YASINOV,** | * | **Case No. 1:22-cr-00448-JRR** |
| **Defendant.** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>MEMORANDUM OPINION</u>

Pending before the court is Defendant Igor Yasinov's Motion to Dismiss. (ECF No. 38; "the Motion"). The court has reviewed all papers. No hearing is necessary. Local Rules 105.6 and 207 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion will be denied.

## I.    <u>BACKGROUND</u>

On December 21, 2022, Mr. Yasinov was indicted on four counts of assaulting, resisting, or impeding certain officers or employees, and inflicting bodily injury in violation of 18 U.S.C. § 111.[1] (ECF No. 1.) The charges relate to an alleged incident that occurred on November 16, 2021,

---

[1] 18 U.S.C. § 111 provides:

> (a) In general.--Whoever--
>
> > (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or
> > (2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,
>
> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

during which the Government contends Mr. Yasinov "broke a control center window within a housing unit with a broom stick and sustained minor cut and abrasions." *Id.* ¶ 3.

The indictment alleges as follows in support of the charges: Captain Nina Rizer and Captain Monica Jenkins-Ngandu transported Mr. Yasinov to a medical unit for treatment. *Id.* ¶ 4. After treatment at the medical unit, Sergeant Dorian Johnson, Corporal Michael Camacho, Corporal Robert Watkins, and Officer Brian Ndege arrived to assist Captain Rizer and Captain Jenkins-Ngandu in transporting Mr. Yasinov to a segregation unit. *Id.* During the transportation, Mr. Yasinov refused the orders of the officers. (ECF No. 1 ¶ 5.) After officers escorted Mr. Yasinov into the cell, he continued to resist the officers. *Id.* Specifically, Mr. Yasinov caused physical injuries to the officers by using his leg to strike the leg of Captain Rizer and slamming his body into Sergeant Johnson's chest and Captain Rizer's knee. *Id.* ¶¶ 6-7. Mr. Yasinov continued to kick officers and attempt to strike them with his hands. *Id.* ¶ 7. As a result, Captain Rizer, Sergeant Johnson, Corporal Camacho, and Corporal Watkins sustained physical injuries. *Id.* ¶ 8.

On February 14, 2024, Mr. Yasinov filed the Motion pursuant to Federal Rule of Criminal Procedure 12(b)(1). (ECF No. 38 at 1-2.) Mr. Yasinov argues that the Indictment is subject to dismissal for two reasons: (1) the correctional officers were not acting within the scope of their official duties; and (2) the staff failed to properly document the incident and preserve exculpatory evidence. *Id.* at 1-7.

---

(b) Enhanced penalty.--Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111(a)-(b).

## II.   <u>**LEGAL STANDARD**</u>

Pursuant to Federal Rule of Criminal Procedure 12(b)(1), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1).   "A motion to dismiss an indictment tests whether the indictment sufficiently charges the offense set forth against defendant."   *United States v. Elshinawy*, 228 F. Supp. 3d 520, 537 (D. Md. 2016) (citations omitted).   "To warrant dismissal of the indictment, [Defendant] would need to demonstrate that the allegations therein, even if true, would not state an offense." *United States v. Thomas*, 367 F.3d 194, 197 (4th Cir. 2004); *see United States v. Souder*, No. 1:08CR00136-1, 2009 WL 88919, at *1 (M.D.N.C. Jan. 12, 2009) (noting that in the context of pretrial motions, "the court must accept as true the Government's version of the facts, as set forth in the indictments").

*United States v. Rosen* explains well the court's review on a motion to dismiss an indictment:

> The Fourth Circuit has instructed that the review of an indictment for sufficiency should proceed "under a liberal standard [such that] every indictment is . . . indulged in support of sufficiency." *United States v. Matzkin*, 14 F.3d 1014, 1019 (4th Cir. 1994) (quoting *United States v. Fogel*, 901 F.2d 23, 25 (4th Cir. 1990)) (internal quotations and citations omitted). An indictment is sufficient "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Wicks*, 187 F.3d 426, 427 (4th Cir. 1999) (quoting *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974)). For this reason, an indictment will survive a motion to dismiss if it tracks the statutory text at issue and also "contains a sufficient statement of the facts and circumstances to inform the accused of the specific offense with which he is charged." *United States v. Brandon*, 298 F.3d 307, 311 (4th Cir. 2002) (quoting *Hamling*, 418 U.S. at 117–18, 94 S.Ct. 2887). Further, "a pretrial motion to dismiss under Rule 12(b), FED. R. CRIM. P., 'cannot be based on a sufficiency of the evidence argument because such argument raises factual questions

3

embraced in the general issue.'" *United States v. Lindh*, 212 F.Supp.2d 541, 576 (E.D. Va. 2002) (quoting *United States v. Ayarza–Garcia*, 819 F.2d 1043, 1048 (11th Cir. 1987)); *see also United States v. Terry*, 257 F.3d 366, 371 (4th Cir. 2001) (King, J., concurring) ("It is elementary that a motion to dismiss an indictment implicates only the legal sufficiency of its allegations, not the proof offered by the Government."). In sum, a court considering the sufficiency of an indictment need ask only whether the indictment tells "the defendant all that he needs to show for his defense, and . . . so specify that with which he is charged that he will be in no danger of being a second time put in jeopardy. If so, it should be held good." *Matzkin*, 14 F.3d at 1019 (quoting *United States v. Cobb*, 905 F.2d 784 (4th Cir. 1990)).

445 F. Supp. 2d 602, 644-45 (E.D. Va. 2006).

## III.   ANALYSIS

Mr. Yasinov argues that the Indictment is subject to dismissal because an officer acting outside the scope of his/her duty is not entitled to protection under 18 U.S.C. § 111. (ECF No. 38 at 2.) Mr. Yasinov relies upon facts outside the Indictment—use of chemical agents, officer's failure to wear protective gear, and officer's preexisting injury—to contend that the officers acted outside the scope of their authority. *Id.* at 4-5. In response, the Government argues that, at the motion to dismiss stage, the court's role is to evaluate the legal sufficiency of the Indictment on its face rather than to resolve the factual disputes or assess the sufficiency of the evidence. (ECF No. 49 at 2.)

Importantly, Mr. Yasinov sets forth no challenge to the legal sufficiency of the Indictment on its face. "[A]n indictment need merely contain a 'plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *U.S. v. Rendelman*, 641 F.3d 36, 43 (4th Cir. 2011) (quoting FED. R. CRIM. P. 7(c)(1)). Here, the Indictment contains the elements of the offense and the date of the incident/s regarding the charges that Mr. Yasinov assaulted, resisted, and/or impeded identified officers. (ECF No. 1 ¶¶ 3, 12.) Specifically, the Indictment provides

the events leading up to the incident and the injuries sustained by the officers. *Id.* ¶¶ 2-9. Each count further informs Mr. Yasinov to which officer the charge pertains. *Id.* ¶ 12. Therefore, the Indictment sufficiently informs Mr. Yasinov of the charges against him and identifies the essential elements of the crimes charged. The Indictment is legally sufficient.

Whether the officers acted outside the scope of their authority is inappropriate to resolve on a motion to dismiss. As stated above, "[a] motion to dismiss an indictment tests whether the indictment sufficiently charges the offense set forth against defendant." *United States v. Elshinawy*, 228 F. Supp. 3d 520, 537 (D. Md. 2016) (citations omitted). "[T]he Fourth Circuit has held that pretrial dismissals that consider evidence beyond the indictment may be 'procedurally appropriate under Rule 12(b)(2)' if 'the government does not dispute the ability of the court to reach the motion and proffers, stipulates, or otherwise does not dispute the pertinent facts.'" *United States v. Sanders*, No. CR JKB-20-0168, 2022 WL 1771734, at *2 (D. Md. May 31, 2022) (quoting *United States v. Weaver*, 659 F.3d 353, 355 n.* (4th Cir. 2011) (collecting cases)).

Here, the Government objects to the court considering evidence outside the Indictment, disputes that the officers acted outside the scope of their authority, and has not made a full proffer of evidence or stipulated to the record. (ECF No. 49 at 4-7.) Accordingly, the court declines to dismiss the Indictment on the basis that the officers acted outside the scope of their authority. *See United States v. Shibin*, No. 2:11CR33, 2012 WL 8231152 (E.D. Va. Apr. 16, 2012), *aff'd*, 722 F.3d 233 (4th Cir. 2013) (noting that to the extent the defendant relies upon facts not contained in the indictment, the court declines to reach the merits of the claimed defenses because "[t]he government has objected to the court's consideration of facts not contained within the Superseding Indictment and has not made a 'full proffer' of the evidence it intends to introduce at trial, nor have the parties stipulated to the factual record"); *see also United States v. Knox*, 396 U.S. 77, 83 n.7

(1969) (noting that "evidentiary questions" should not be resolved on Rule 12(b)(1) motion to dismiss the indictment because the trial judge may consider "only those objections that are 'capable of determination without the trial of the general issue'") (citing FED. R. CRIM. P. 12(b)(1)); *United States v. Schafer*, 625 F.3d 629, 635 (9th Cir. 2010) (noting that "if the pretrial motion raises factual questions associated with the validity of the defense, the district court cannot make those determinations" and "[d]oing so would invade the province of the ultimate finder of fact") (citations omitted)); *United States v. Wilson*, 26 F.3d 142, 159 (D.C. Cir. 1994) ("[A] decision on a [Rule 12] motion should be deferred[] if disposing of the motion involves deciding issues of fact that are inevitably bound up with evidence about the alleged offense itself."); *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986) ("If [a] pretrial claim is 'substantially founded upon and intertwined with' evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred." (quoting *United States v. Williams*, 644 F.2d 950, 953 (2d Cir. 1981))).

Mr. Yasinov also moves to dismiss the Indictment on the basis that the officers "failure to preserve exculpatory evidence or to document carefully gravely prejudice the defendant." (ECF No. 38 at 7.) Specifically, Mr. Yasinov argues that the officers violated the Code of Federal Regulations[2] because "[t]he staff provided several incident reports each of them with a different version of the event and failed to video tape the incident or to follow any of the procedures" and "[t]he misconduct of the staff prejudice the ability of the defendant to present a full defense as insulated by the Sixth Amendment." *Id.* at 5. In response, the Government argues that the lack of video footage alone does not constitute a Sixth Amendment violation and there must be proof that any failure to preserve such footage was done in bad faith by the Government. (ECF No. 49 at 8.)

---

[2] Mr. Yasinov cites to 28 C.F.R. § 552.22 (j), which provides: "All incidents involving the use of force and the application of restraints (as specified in § 552.27) must be carefully documented." (ECF No. 38 at 6.)

Moreover, the Government contends that at the motion to dismiss stage, the focus is "not on the examination of evidentiary disputes or the government's conduct in collecting and preserving evidence." *Id.* Therefore, these matters are better addressed during trial should Mr. Yasinov raise them for the court's consideration at that time. *Id.*

> In *United States v. Perry*, the Fourth Circuit explained:

>> Spoliation of evidence, or the destruction of or failure to preserve evidence, can be a due-process violation. *Arizona v. Youngblood*, 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). In order to rise to that level, however, the defendant must show that the unpreserved evidence had "an exculpatory value that was apparent before the evidence was destroyed[ ] and [was] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta*, 467 U.S. 479, 489, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). In addition, the defendant must establish that the police acted in "bad faith" in failing to preserve the evidence. *Youngblood*, 488 U.S. at 58, 109 S.Ct. 333. Thus, spoliation will only violate due process where "the police themselves by their conduct indicate that the evidence could form a basis for exonerating the defendant" yet still failed to preserve it. *Id.*

92 F.4th 500, 513 (4th Cir. 2024).

While Mr. Yasinov broadly argues that the officers destroyed or failed to preserve evidence, he fails to provide any proof "that the unpreserved evidence had an exculpatory value that was apparent before the evidence was destroyed[ ] and [was] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means'" or that the Government acted in bad faith. *See Perry, supra.* Indeed, Mr. Yasinov appears to take issue with the staff's versions of events and failure to videotape the incident or follow any of the procedures required. (ECF No. 38 at 5.) The staff's versions of events and alleged failure to follow proper protocol are not proper to consider on a motion to dismiss the indictment. *See Sanders and Knox, supra.* At trial, Mr. Yasinov may confront and challenge the Government's

evidence, including the credibility of the Government's witnesses and sufficiency of the evidence to support a verdict.  Accordingly, the court declines to dismiss the Indictment on this basis.

## IV.    <u>**CONCLUSION**</u>

For the reasons set forth herein, the Motion to Dismiss (ECF No. 38) will be denied. A separate order follows.

/S/

_____
Julie R. Rubin
United States District Judge

April 30, 2024