IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | |
| | * | **Criminal No.: JRR-22-448** |
| **IGOR YASINOV** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | ****** | |

# MEMORANDUM ORDER

The court has before it Defendant Igor Yasinov's Motion for New Trial Pursuant to Rule 33 of the Federal Rules of Criminal Procedure (ECF No. 109; the "Motion") as well as the Government's response at ECF No. 112. No reply was filed.[1] No hearing is necessary. Local Rule 105.6 (D. Md. 2023).

Defendant Yasinov was tried before a jury beginning October 21, 2024, on four counts of Assaulting, Resisting, or Impeding Certain Officers or Employees, Inflicting Bodily Injury, in violation of 18 U.S.C. § 111(a)(1) and (b). (Indictment at ECF No. 1.) The jury returned a guilty verdict on all counts on October 24, 2024. Defendant's timely Rule 33 Motion followed on November 7, 2024. Federal Rule of Criminal Procedure 33 provides in relevant part: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). Defendant sets forth four grounds in support if his Motion: 1) "Absence of Key Witnesses;" 2) "Ineffective Assistance of Counsel;" 3) "Effects of Medication Impeding Defendant's Ability to Self-Represent;" and 4) "Legal errors affecting the outcome of the trial." The court addresses each of these in turn below.

---

[1] Mr. Yasinov advises at the close of the Motion that he "is still working to retain counsel but needs more time and plans to supplement the motion." In addition to foregoing a reply in support of the Motion, Mr. Yasinov did not supplement his Motion (or seek leave to do so).

1. **"Absence of Key Witnesses"**

Mr. Yasinov seeks a new trial because he was "unable to secure the presence of key witnesses who were essential to his defense." Defendant urges that these witnesses would have testified favorably for his defense and their "absence . . . prevented the fair presentation of evidence, warranting a new trial."

Defendant availed himself of the Rule 17 subpoena process several times throughout this case for documents and records, but, for reasons unknown to the court, did not request issuance of subpoenas for the production of documents at trial until 3:42PM on Friday, October 18, 2024 – with trial set to begin on Monday, October 21, 2024, at 9:00AM. The court granted Mr. Yasinov's subpoena request promptly at 4:41PM that same afternoon. (ECF Nos. 84 and 85.) Even more problematic, Mr. Yasinov inexplicably waited until trial had already begun to request issuance of subpoenas for trial testimonial witnesses. Specifically, on Wednesday, October 23, 2024, by filings docketed at 7:13AM and 9:18AM, Defendant filed a motion for issuance and service per Rule 17 of subpoenas for four trial witnesses, which the court granted by order docketed at 9:39AM that same morning. (ECF Nos. 92-94.) Following the court's various subpoena orders, defense trial witness Jessica Brengle appeared and testified on examination by Mr. Yasinov. (Defendant also called United States Deputy Marshal Albert Maresca as a trial witness; Deputy Marshal Maresca was present in the courtroom not pursuant to a subpoena.)

Mr. Yasinov fails to identify the witnesses he complains were not present at trial, but the court assumes he refers to individuals identified in his Rule 17 subpoenas at ECF Nos. 84, 92 and 93. Mr. Yasinov further fails to proffer what testimony or other evidence he contends he might have elicited or gained from the non-appearing witnesses. Therefore, the court is unable to assess whether the evidence they might have offered would have been, as Mr. Yasinov urges, "essential" to his defense. Moreover, Mr. Yasinov's failure to prepare for trial and seek issuance of trial

subpoenas in a reasonably timely manner is a problem of his own making and is not a basis on which to grant him a new trial.

2. **"Ineffective Assistance of Counsel"**

Mr. Yasinov elected to represent himself. The court appointed Marc Hall, Esquire, as stand-by counsel. As the court explained to Mr. Yasinov seemingly countless times during the life of this case – in open court during pre-trial proceedings and via written court orders – Mr. Yasinov was entitled to representation by court-appointed counsel; Mr. Yasinov (following the court's appropriate findings) was entitled to represent himself; Mr. Yasinov was not entitled to hybrid counsel. The court advised Mr. Yasinov many times very clearly in person and in writing that should he opt to represent himself, he would proceed without the benefit of competent, experienced defense counsel at his peril. The court further explained – very clearly, in person and in writing – the scope, purpose and limits of court-appointed stand-by counsel (to which he had no Constitutional right). (*See, e.g.,* ECF Nos. 57, 58, 61, and 63.)

In sum, following a fulsome hearing per *Faretta v. California*, 422 U.S. 806 (1975), and thorough inquiry and advisement by the court, on December 14, 2023, Mr. Yasinov knowingly and intelligently opted to discharge his appointed counsel and represent himself. (ECF No. 24, 26, and 28.) Mr. Yasinov had many months to reconsider and request re-appointment of counsel – and the court advised him many times that he was entitled to do that; Mr. Yasinov did not request re-appointment of counsel. Therefore, Mr. Yasinov's argument that he was "forced to proceed pro se" is incorrect; likewise, his complaint that "counsel" (presumably, Mr. Hall) offered ineffective assistance of counsel in violation of his rights secured by the Sixth Amendment to the United States Constitution is also incorrect.

3. **"Effects of Medication Impeding Defendant's Ability to Self-Represent"**

Following many denied requests for postponement of trial, on the first day of trial, Mr. Yasinov again requested postponement of trial, claiming he was not prepared. The court denied his request. Failing that, Mr. Yasinov claimed he was not thinking clearly because he had been administered suboxone several hours earlier (at the DC jail) as part of his treatment protocol for substance addiction. Mr. Yasinov presented zero indication of being foggy-minded, or otherwise unwell, impaired, intoxicated, inarticulate, inattentive, or drowsy. To the contrary, Mr. Yasinov appeared as he always has in the court's numerous experiences with Mr. Yasinov in court, which is to say that Mr. Yasinov was attentive, sharp-minded, responsive, participatory, articulate, and entirely alert and (apparently) aware. (*See also,* Mr. Yasinov's facility medical record at Exhibit 1 to the Government's response to the Motion, which reflects nothing to corroborate Mr. Yasinov's claim of impairment.) Having evaluated Mr. Yasinov's credibility and condition in open court, and in the wake of repeated meritless and unsuccessful motions for trial postponement, the court concluded that Mr. Yasinov's claim of impairment was concocted to avoid trial. The court maintains that conclusion now and is utterly unpersuaded by what the court finds is Mr. Yasinov's eleventh hour fabrication. The court's conclusion here is further reinforced by Mr. Yasinov's trial performance, which demonstrated anything but impairment.

4. **"Legal errors affecting the outcome of trial"**

Mr. Yasinov complains that "errors of law occurred during the trial, which significantly impacted the fairness and outcome of the proceedings." Specifically, Mr. Yasinov complains that the Government's rebuttal closing argument was too long and amounted to a "second closing argument." Mr. Yasinov urges that the jury was, therefore, inappropriately influenced and that the jury likely disproportionately weighted the Government's arguments thus infringing his right to a fair trial.

This basis of the Motion has no merit whatsoever. Not only did the Government's rebuttal closing argument stay within the standard parameters of responding to particularized points raised in Mr. Yasinov's closing argument; the Government abided the court's clear instructions regarding the length of closing arguments. Finally, Mr. Yasinov raised no objection at trial regarding the duration of the Government's rebuttal.

For the foregoing reasons, granting Mr. Yasinov a new trial is not in the interests of justice. Therefore, Defendant Yasinov's Motion for New Trial Pursuant to Rule 33 of the Federal Rules of Criminal Procedure (ECF No. 109) is **DENIED**.

Madam Clerk shall furnish Defendant Yasinov and stand-by counsel, Marc Hall, Esquire, a copy of this memorandum order.

December 7, 2024

/S/

_____
Julie R. Rubin
United States District Judge